ROOD v. SCHOOL DISTRICT No. 7, OF THE TOWN OF BLOOM-FIELD.

The docket entry of a justice's judgment must be as certain, in matters of substance, as the judgment of a court of record.

Under the proper entitling of a cause with the names of the parties, a justice of the peace entered on his docket an award of judgment in the following form : " *It is therefore considered, that the said P. do recover of the said D. the sum,*" &c. In debt on this judgment, *it was held,* that the docket entry did not show with sufficient certainty in whose favor, and against whom, the judgment was rendered, and that, therefore, a transcript thereof, offered in evidence, was inadmissible.

*Held,* also, that parol evidence was inadmissible to prove that the letters "*P.*" and "*D.,*" in the docket entry of the judgment, meant *plaintiff* and *defendant.*

CASE reserved from Oakland Circuit Court. Debt on a judgment rendered in favor of the plaintiff, against the defendant, before a justice of the peace. In the transcript offered in evidence by the plaintiff to prove the judgment,

the cause was properly entitled with the names of the parties, and the award of judgment was as follows :   "It is therefore considered, that the said *P.* do recover of the said *D.*, the sum of," &c.    The defendant having objected to the reading of the transcript, on the ground that it did not sufficiently appear therefrom that a judgment was rendered in favor of the plaintiff against the defendant in this suit, the plaintiff offered as a witness Morgan L. Drake, who testified that he was present when the judgment was rendered by the justice, and called his attention to the informal manner in which it was entered, and that the justice remarked that it was his practice so to enter judgments rendered by him ;—that the letters P. & D., were, by the justice, intended for and meant *plaintiff* and *defendant*.    This testimony was objected to by the defendant ; but, by the consent of parties, it was received, and a verdict taken for the plaintiff, subject to the opinion of this Court upon the following questions :    (1.) Whether sufficient appeared in the transcript to show that a judgment was rendered in favor of the plaintiff against the defendant in this suit.    (2.) Whether the parol evidence to explain the meaning of the words P. and D. in the transcript, was admissible.

RANSOM, C. J. delivered the opinion of the Court.

It was contended by the plaintiff that, inasmuch as the names of the parties were properly inserted by the justice in the entitling of the cause on his docket, the letters *P.* and *D.*, with the word " said " prefixed, manifestly referred to the parties plaintiff and defendant ; and that it sufficiently appeared from the transcript itself, in favor of whom, and against whom, the judgment was rendered.

The docket entry of a justice's judgment, is not, technically, a record ; but it has all the effect of a record, and should be made in language as explicit and certain, as to

matters of substance, as a judgment record of this Court. There certainly should be no doubt or uncertainty as to the parties. Who they are, plaintiff and defendant, and in whose favor, and against whom, the judgment was rendered, should appear clearly and conclusively from the docket itself. This did not sufficiently appear, in the transcript offered in evidence in this case.

It requires no argument or authority to show that an ambiguity, apparent on the face of a transcript of judgment, cannot be explained by parol evidence. The evidence received for the purpose of explaining the meaning of the letters *P.* and *D.*, was clearly inadmissible.

*Certified accordingly.*